

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-27-2008

# Milhouse v. Levi

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4048

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Milhouse v. Levi" (2008). *2008 Decisions.* Paper 1514.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1514

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-138                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4048
_____

KAREEM HASSAN MILLHOUSE,
                                        Appellant

v.

TROY LEVI

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Misc. No. 07-mc-00106)
District Judge:  Honorable Thomas N. O'Neill, Jr.

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 22, 2008

Before:  SLOVITER, FISHER and HARDIMAN, Circuit Judges.

(Filed: February 27, 2008)
_____

OPINION
_____

PER CURIAM

       Kareem Millhouse filed a motion entitled "Motion for Court to Investigate Federal

Detention Center Envolvement [sic] in a Criminal Conspiracy to Retaliate, Humiliate

Threaten and Neglect Plaintiff Request for Administrative Relief."  The District Court

denied the motion without prejudice because it appeared that Millhouse was making the same allegations as those in an already pending case, Millhouse v. Arbsak, E.D. Pa. No. 07-cv-1442. After the District Court denied Millhouse's motion for reconsideration, Millhouse filed a timely notice of appeal.

Because Millhouse is proceeding in forma pauperis on this appeal, we must analyze his appeal for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B), we must dismiss an appeal if the action (i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary damages from a defendant with immunity. An action or appeal can be frivolous for either legal or factual reasons. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In his motion to investigate, Millhouse alleged that he had been in administrative detention for fourteen months and was denied access to recreation, the law library, personal property, and medical treatment. He stated that staff had been assaultive and he had been poisoned. In his motion for reconsideration, Millhouse did not dispute that the allegations were duplicative; he argued that Millhouse v. Arbsak was a civil matter and he was requesting a criminal investigation. However, there is no federal right to require the government to initiate criminal proceedings. Linda R.S. v. Roland D., 410 U.S. 614, 619 (1973); U. S. v. Berrigan, 482 F.2d 171, 173-74 (3d Cir. 1973).

Because the appeal lacks legal merit, we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).

2